UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANAT ZHAKUOV,<br><br>                                      Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>                                      Respondents. | Case No.:  3:26-cv-00288-RBM-DDL<br><br>**ORDER GRANTING MOTION TO APPOINT COUNSEL [Doc. 3] AND SETTING BRIEFING SCHEDULE** |

On January 16, 2026, Petitioner Kanat Zhakuov ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) Petitioner also moved for appointment of counsel, but did not sufficiently address the circumstances that would allow the Court to appoint counsel. (*See* Doc. 2 at 2.) Therefore, the Court denied Petitioner's motion to appoint counsel without prejudice and allowed him until February 2, 2026 to file a renewed motion. (*Id.*) Petitioner timely complied. (*See* Doc. 3.)

"Whenever the United States magistrate judge or the [C]ourt determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28."

18 U.S.C. § 3006A(a)(2).  A "financially eligible person" is one who is "financially unable to obtain adequate representation in accordance with this section."  *Id.* § 3006A(a).  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted).

Here, Petitioner represents that he does not have any money because he has "not been working during [his] detention for over a year," and that neither he nor his family members "have any assets, investment or savings on bank account." (Doc. 3 at 1.)  He has thus sufficiently alleged that he cannot afford to hire counsel.  "The Court also finds that representation is necessary given the complexity and potential validity of the constitutional, statutory, and procedural issues presented."  *Astafev v. Warden*, Case No. 3:26-cv-00313-RBM-AHG, ECF No. 4 (S.D. Cal. Jan. 30, 2026) (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  Accordingly, the Court **CONDITIONALLY APPOINTS** Federal Defenders of San Diego, Inc. as counsel.

Moreover, the Court finds that summary dismissal of the Petition is unwarranted.  *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citation omitted); *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) (noting that *pro se* complaints are liberally construed and do not need to identify the constitutional source of the claims raised).

Petitioner may file an amended petition on or before **February 13, 2026**. Respondents shall respond to the amended petition on or before **February 20, 2026**.  Their Response shall include as exhibits all documents or evidence relevant to the determination of the issues raised, including any and all relevant documents reflecting Petitioner's immigration history.  Petitioner **shall file** a reply on or before **February 24, 2026**.  The matter will be deemed under submission at that time and the Parties shall await further order from the Court.

3:26-cv-00288-RBM-DDL

The Clerk of the Court is **directed to transmit** a copy of the Petition (Doc. 1) and this Order to the United States Attorney's Office and to Federal Defenders of San Diego, Inc.  Counsel for Petitioner **shall file** a notice of appearance on or before **February 10, 2026**.

    **IT IS SO ORDERED.**

DATE:  February 6, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3

3:26-cv-00288-RBM-DDL